**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

BRIAN ANDR'E WARREN,

      Petitioner,

v.                                         CASE NO. 13-12936

ANDREW JACKSON,

      Respondent.

_____/

**ORDER TRANSFERRING PETITIONER'S MOTION FOR RELIEF
FROM JUDGMENT TO THE COURT OF APPEALS**

Petitioner Brian Andr'e Warren, a state prisoner, was convicted in 1995 of first-degree (felony) murder, two counts of first-degree criminal sexual conduct, first-degree home invasion, and other charges. The state trial court vacated the conviction for home invasion on double jeopardy grounds because it served as the predicate felony for the felony-murder conviction. Petitioner appealed his convictions without success and filed a variety of motions seeking relief in state court.

Petitioner also challenged his convictions in a petition for a writ of habeas corpus, which this court denied on the merits. *See Warren v. Jackson*, No. 00-73560 (E.D. Mich. May 24, 2001). Petitioner subsequently filed habeas petitions without first obtaining appellate authorization to do so, as required by 28 U.S.C. § 2244(b)(3)(A). Each of the subsequent petitions was transferred to the Sixth Circuit as a second or successive petition. The Sixth Circuit denied or dismissed each petition.

Petitioner now submits a motion for relief from judgment, which he files as an

"independent action" under Federal Rule of Civil Procedure 60(d)(1).[1] He alleges that in 2005 the state trial court *sua sponte* dismissed his conviction for first-degree home invasion with prejudice. Petitioner contends that, when this court denied his habeas corpus petition in 2001, the court believed the conviction for first-degree home invasion was structurally sound. Petitioner claims that, as a result of the state trial court's dismissal of his home-invasion conviction in 2005, it is factually impossible for him to be guilty of murder and criminal sexual conduct because those convictions were based on the dismissed charge of first-degree home invasion. Thus, according to Petitioner, he is actually innocent of felony murder and first-degree criminal sexual conduct.

Petitioner's motion challenges the same state-court judgment that was the subject of his first habeas petition and attacks this court's resolution of his habeas petition on the merits. As such, his motion contains a "claim" of error in the state conviction and is in substance a successive habeas petition, which should be treated accordingly. *See Gonzalez v. Crosby*, 545 U.S. 524, 530-32 (2005).

The *Gonzalez* case concerned a motion for relief from judgment under Federal Rule of Civil Procedure 60(b), whereas Petitioner brings his motion for relief from judgment under Rule 60(d). The reasoning in *Gonzalez* should also apply to motions brought under Rule 60(d). In fact, "a number of courts have held that a Rule 60(d) motion that does not challenge the integrity of the habeas proceeding itself . . . constitutes a second or successive claim for relief under 28 U.S.C. § 2255." *Todd v. United States*, 2012 WL 5351845, at *2 (W.D. Wash. Oct. 29, 2012). One court

---

[1] Rule 60(d)(1) authorizes a district court to "entertain an independent action to relieve a party from a judgment, order, or proceeding."

2

reached the same conclusion in a habeas case filed under 28 U.S.C. § 2254.  *See*

*Dorsey v. Florida*, 2008 WL 5110416 (M.D. Fla. Dec. 3, 2008).  Petitioner's motion is, in

essence, a second or successive petition for the writ of habeas corpus.

When a habeas petitioner files a second or successive petition for habeas corpus

relief in the district court without prior authorization from the court of appeals, the district

court must transfer the document to the court of appeals.  *See* 28 U.S.C. § 1631; *In re*

*Sims*, 111 F.3d 45, 47 (6th Cir. 1997).  Petitioner has not acquired permission from the

court of appeals to file a successive habeas corpus petition.  Accordingly,

IT IS ORDERED that this action is TRANSFERRED to the Sixth Circuit for

consideration of whether Petitioner may file a second or successive petition.


 s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  July 22, 2013


I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, July 22, 2013, by electronic and/or ordinary mail.

 s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522